DELL, Judge.
Essie Mae Hill appeals from a final order revoking probate of a will naming her as personal representative and beneficiary of Adeline F. Berte's estate. We reverse.
Adeline Berte employed the appellant as her housekeeper-maid in 1978. In April of 1981, Mrs. Berte saw Ronald Ostrow about a new will. Attorney Ostrow testified that he had never known either Mrs. Berte or appellant before that date. After speaking with Mrs. Berte, Attorney Ostrow felt that she was of sound mind and testified that she “had something in for her nieces ... she had some type of falling out from my understanding of it.” Although appellant drove Mrs. Berte to the attorney’s office, appellant was not present at the execution of the will.
The will left Mrs. Berte’s jewelry to her two nieces, Louise Celeste Marzella and Marguerite Ciervo, and the residue of the estate to appellant. The will also named the two nieces as contingent beneficiaries and alternate personal representatives. Mrs. Berte subsequently executed two codicils deleting the nieces as contingent beneficiaries and alternate personal representatives.
Mrs. Berte died in 1982. After the court admitted the April, 1981 will to probate, Mrs. Berte’s two nieces attacked the will on the grounds of undue influence and lack of testamentary capacity. The trial court found that the evidence presented gave rise to a presumption of undue influence; that appellant failed to rebut the presumption; *237 and that she lacked credibility. Thus, the trial court entered an order revoking probate. Appellant contends the evidence does not support a finding of active procurement and therefore argues that no presumption of undue influence ever arose. We agree.
A presumption of undue influence does not arise unless “a substantial beneficiary under a will occupies a confidential relationship with the testator and is active in procuring the contested will....” Allen v. Gore, 387 So.2d 535, 538 (Fla. 4th DCA 1980), petition for review denied, 392 So.2d 1371 (Fla.1981); In re Estate of Carpenter, 253 So.2d 697 (Fla.1971). In the case at bar, the evidence shows that a close confidential relationship existed between appellant and the decedent and the parties do not dispute this point. However, a confidential relationship alone does not give rise to the presumption of undue influence. Allen, supra; In re Estate of Carpenter, supra.
The Florida Supreme Court provided a list of factors to consider in determining the existence of active procurement:
(a) presence of the beneficiary at the execution of the will; (b) presence of the beneficiary on those occasions when the testator expressed a desire to make a will; (c) recommendation by the beneficiary of an attorney to draw the will; (d) knowledge of the contents of the will by the beneficiary prior to execution; (e) giving of instructions on preparation of the will by the beneficiary to the attorney drawing the will; (f) securing of witnesses to the will by the beneficiary; and (g) safekeeping of the will by the beneficiary subsequent to execution.
In re Estate of Carpenter, 253 So.2d at 702.
We recognize that not all the factors must be present to find active procurement and that the list is not exclusive. However, we have carefully reviewed the record and we find the evidence insufficient to support a finding of active procurement. Thus the presumption of undue influence never arose.
Accordingly, we reverse the trial court’s order revoking the probate of Berte’s will and remand for further proceedings.
REVERSED and REMANDED.
BERANEK and WALDEN, JJ., concur.